UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| EUGENIA L. CONDE, | |
|---|---|
| Plaintiff, | |
| -against- | 25-CV-8484 (LLS) |
| NYS DEPARTMENT OF MOTOR VEHICLES, JOAN BELL, NIKKI MENDOZA, FATIMA GUILLOT, JESSICA BOWES, and CYNTHIA RODRIGUEZ, | ORDER TO AMEND |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654, alleging that her employer discriminated against her based on her race and her family leave. Plaintiff sues her employer, the New York State Department of Motor Vehicles ("DMV"), as well as DMV employees Joan Bell, Nikki Mendoz, Cynthia Rodriguez, Fatima Guillot, and Jessica Bowes. By order dated October 29, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that Defendants discriminated against her based on her race and retaliated against her for protected activity under the FMLA. (ECF 1 at 4–5.) Plaintiff claims Defendants manipulated her timesheets to reflect tardiness after she filed harassment claims. (*Id.* at 5.) She also states that she received "disciplinary memos" after attending jury duty and medical appointments. (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

In December 2024, Defendants approved Plaintiff's request to use the rest of her bereavement leave after the death of her granddaughter. (*Id.*) Plaintiff was approved to take paid time off on December 17–20 and 23–24, 2024. (*Id.*) However, Plaintiff was marked absent from work December 1–27, 2024. (*Id.* at 6.) When provided with documentation, Defendants adjusted Plaintiff's time records to reflect "unexcused absences/awol to impact holiday pay & benefits," causing Plaintiff's paycheck to be delayed. (*Id.*)

Plaintiff received a disciplinary memo after reporting a workplace robbery. (*Id.*) The memo alleged she was negligent with workplace equipment that she was not assigned to handle. (*Id.*) Plaintiff alleges the "level 20 supervisors used various low level supervisors to complete write-up memos so that it appears [Plaintiff has] problems within the workplace." (*Id.*) On the day Plaintiff was terminated, she became aware of a second disciplinary memo, which was included in her termination package. (*Id.*) Plaintiff suffered emotional distress, pain, and suffering. (*Id.* at 7.)

After her dismissal, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 18, 2025. (*Id.*) She received a notice of Right to Sue on September 12, 2025. (*Id.*)

## DISCUSSION

### A.    Title VII Claim

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII also includes a provision outlawing retaliation by employers when employees exercise their rights under this statute. § 2000e-3(a).

3

Plaintiff asserts that Defendants fired her from her position at the DMV because of her race but does not provide any facts that suggest her race—which she does not identify—was a motivating factor in that decision. She also does not claim that she was treated differently than other coworkers of other races. Furthermore, because Plaintiff does not allege facts describing the contents of her harassment complaint, the Court cannot determine whether it falls under the protected activity of Title VII. (ECF 1 at 5.)

The Court therefore grants Plaintiff leave to amend her complaint to allege facts demonstrating that she has a claim against her employer under Title VII.[2]

**B.      Family and Medical Leave Act Claim**

Under the FMLA, certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." *Id.* § 2612(a)(1)(C). Generally, plaintiffs may assert two varieties of FMLA claims: interference claims and retaliation claims. An employee brings an interference claim when the employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. An employee brings an 'interference' claim when the employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. *Woods v. START Treatment & Recovery Ctrs., Inc.,* 864 F.3d 158, 166 (2d Cir. 2017).

---

[2] Plaintiff can only bring her claim under Title VII against her employer, the New York State DMV, not individual employees. *See Milione v. City Univ. of N.Y.*, 950 F.Supp.2d 704, 709 (S.D.N.Y. 2013) ("Individuals are not liable in either their individual or official capacities under Title VII.").

On the other hand, a retaliation claim arises once the employee has already asserted her rights under the FMLA. To state a claim for retaliation under the FMLA, Plaintiff must allege facts that suggest "that: 1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for his position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (quoting *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 147 (2d Cir. 2012) (internal citations omitted).

Plaintiff does not provide enough information for the Court and Defendants to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief from Defendants. First, it is unclear whether Plaintiff can exercise her rights under the FMLA because caring for grandchildren typically is not covered by the FMLA.[3] *See* 29 U.S.C. § 2612(a)(1) (listing only spouses, sons, daughters, and parents as covered by the FMLA). Although grandchildren may be covered if a grandparent acts *in loco parentis*—that is, takes care of the child as a parent would—children are only covered under the FMLA until they reach eighteen years old, unless they are unable to care for themselves. *See Coutard v. Mun. Credit Union¸*848 F.3d 102, 112 (2d Cir. 2017) (explaining that FMLA's definition of "son or daughter" can be construed to include grandchildren); *cf. Offor v. Mercy Medical Center*, No. 15-CV-2219, 2021 WL 4776451, at *10 (E.D.N.Y. May 11, 2021) (noting that leave to care for an adult child is not automatically covered by the FMLA). Additionally, Plaintiff claims the days of her unexcused absences were used for bereavement leave, which is not one of the covered purposes under the FMLA. 29 U.S.C. § 2612(a)(1); *see Lange v. Showbiz Pizza Time, Inc.*, 12 F. Supp.2d 1150, 1154 (D. Kan 1998);

---

[3] Plaintiff included paperwork she submitted for FMLA leave with her complaint but did not allege whether this leave was approved. (ECF 1-1 at 1–4.)

*Deloatch v. Harris Teeter, Inc.*, 797 F.Supp.2d 48, 66 (D.D.C. 2011) (ruling Plaintiffs could not bring FMLA claims for bereavement leave).

Even assuming that Plaintiff did exercise her rights under the FMLA, she does not allege that Defendants interfered with her exercising those rights or dismissed her in retaliation for her asserting her FMLA rights.

Accordingly, the Court grants Plaintiff leave to file an amended complaint to state facts in support of her FMLA claim suggesting that she is entitled to relief from Defendants. Unlike her claim under Title VII, Plaintiff may bring a claim against the individuals she has named in this complaint, so long as she demonstrates that these individuals were directly involved as an "employer."[4] *See Malena v. Victoria's Secret Direct, LLC,* 886 F.Supp.2d 349, 365 (S.D.N.Y. 2012) (citing *Smith v. Westchester County,* 769 F.Supp.2d 448, 475 (S.D.N.Y. 2011) (internal quotations omitted).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

---

[4] "An individual may be held liable under the FMLA only if she is an 'employer,' which is defined as encompassing 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.'" *Graziadio*, 817 F.3d at 422 (quoting 29 U.S.C. § 2611(4)(A)(ii)(I) and citing 29 C.F.R. § 825.104(d)).

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid Title VII claim against her employer and an FMLA claim against

her employer and supervisors, the Court grants Plaintiff 60 days' leave to amend her complaint to

detail her claims.

First, Plaintiff must name as the defendants in the caption[5] and in the statement of claim

those individuals who were allegedly involved in the deprivation of her federal rights. Second, in

the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short

and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should

include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### PRO SE LAW CLINIC

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[6]

### CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-08484 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Attached to this order is a flyer from CBJC.

SO ORDERED.

Dated:    March 2, 2026
          New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.

---

[6] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial        Last Name

_____
Street Address

_____
County, City                    State                Zip Code

_____
Telephone Number                Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State                 Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State                 Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State                 Zip Code

Page 4

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7