UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENIA L. CONDE,

Plaintiff,

-against-

THE NYS DEPARTMENT OF MOTOR VEHICLES, JOAN BELL, NIKKI MENDOZA, FATIMA GUILLOT, JESSICA BOWES, and CYNTHIA RODRIGUEZ,

Defendants.

25-CV-8484 (LLS)

SECOND ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against her employer for employment discrimination. By order dated March 2, 2026, the Court granted Plaintiff 60 days' leave to amend her complaint to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654.[1] On May 1, 2026, Plaintiff filed an amended complaint but did not address the deficiencies identified in the March 2, 2026 order. For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

[1] Plaintiff asserted an FMLA claim in her original complaint, which the Court addressed in the March 2, 2026 order, but Plaintiff did not bring an FMLA claim in her amended complaint.

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A. Death of Plaintiff's Granddaughter

The following facts are drawn from the amended complaint.[2] Plaintiff began working at the New York State Department of Motor Vehicles ("DMV") on June 20, 2024, as a customer service representative. (ECF 11-1 at 1.) In mid-July 2024, Plaintiff met with supervisor Kenaisa Middleton, who is not named in this lawsuit, to discuss Plaintiff's possibly taking leave to help care for her terminally ill granddaughter. (*Id.*) Ms. Middleton told her to submit an FMLA request and provided Plaintiff with the requisite packet on July 17, 2024. (*Id.*) The hospice team for Plaintiff's granddaughter completed the packet, and Plaintiff emailed it back to Ms. Middleton within hours. (*Id.*) However, a denial of Plaintiff's request was emailed to her on August 7, 2024, while Plaintiff was out on bereavement leave following her granddaughter's death on August 5, 2024. (*Id.*)

Plaintiff took bereavement leave from August 5–12, 2024, upon immediately informing her employer of her granddaughter's death. (*Id.*) On August 9, 2024, Defendant Supervisor Fatima Guillot called Plaintiff to inquire when she would return to work, and Plaintiff told Ms. Guillot she would be back on August 12, 2024. When Plaintiff returned to work on August 12, 2024, she spoke with manager Joan Bell, who told Plaintiff she had 30 days of bereavement leave that she could take at her discretion. Plaintiff then told Ms. Bell when the funeral services would be held, and Ms. Bell instructed Plaintiff to fill out the leave request form and submit it to her for approval. (*Id.*) Plaintiff was then approved to take leave on August 21, 2024—the date of the funeral—as well as the four subsequent business days, August 22, 23, 26, and 27, 2024. (*Id.*)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

The hospice organization that took care of Plaintiff's granddaughter offered Plaintiff thirty free counseling sessions to help her process her loss. (*Id.*) The social worker assigned to counsel Plaintiff agreed to meet with Plaintiff on her lunch break, but sessions were one hour whereas Plaintiff's break was forty-five minutes. (*Id.*) Ms. Bell verbally approved of Plaintiff's returning late from her lunch break so that she could attend these grief counseling sessions. (*Id.*) Plaintiff received a "memo" because she returned late from her break after a counseling session and in response, Plaintiff informed the supervisor that her manager had given her permission to return late. (*Id.*) The supervisor confirmed with the manager, but Plaintiff later learned her lunch time had been changed, resulting in her inability to attend the pre-scheduled counseling sessions. (*Id.*)

**B. Jury Duty & Plaintiff's Own Medical Care**

On November 4, 2024, Plaintiff needed to appear for jury duty. (*Id.*) She submitted a time off request and a copy of the jury duty notice, but Ms. Mendoza and Ms. Middleton later denied receiving it. (*Id.*) On that same day, while on jury duty, Plaintiff's doctor called her and told her she needed to immediately come to their office for an iron transfusion, which she received on November 5, 2024. (*Id.*) On November 6, 2024, Plaintiff returned to work "with all required documentation," and Ms. Middleton escorted her into a meeting with Ms. Mendoza. (*Id.*) Ms. Mendoza informed Plaintiff that she had been marked absent without leave (AWOL) for November 4 and 5, 2024. (*Id.*) Ms. Middleton confirmed that she had forwarded Plaintiff's documentation to Ms. Mendoza, but Ms. Mendoza denied receiving it and brought up Plaintiff's past absences. (*Id.* at 3.)

On November 14, 2024, Plaintiff had an appointment scheduled for a mammogram, for which DMV employees normally receive four hours of leave. (*Id.*) Her leave request was initially denied by Ms. Medoza but then approved by Ms. Bell, the office manager. (*Id.*) On

November 18, 2024, Plaintiff received a memo stating she was AWOL on November 4, 5, and 14, 2024, and a second memo stating she "fail[ed] to follow a directive." (*Id.* at 4.)

On November 26, 2024, Plaintiff "filed a complaint with Albany" for workplace harassment after no action was taken by Ms. Bell despite multiple reports. (*Id.*) Plaintiff received confirmation that her complaint was received on November 27, 2024, and was contacted by a human resources representative on November 29, 2024. (*Id.*)

**C. Additional Disciplinary Memos & Termination**

On January 23, 2025, Plaintiff was called into supervisor-in-training Ricardo Russell's office with Ms. Mendoza. Ms. Mendoza informed Plaintiff that Mr. Russell would be issuing her a memo for failure to secure items at the workstation, even though she was only at the station for twenty minutes and was not provided with a key. (*Id.*) Plaintiff also received a memo on a new clear plastic bag policy, but it is not apparent whether this was a disciplinary memo. (*Id.*)

On February 21, 2025, Plaintiff was called into the office of Supervisor Ashley Holt, where Ms. Holt questioned her attendance record. Plaintiff explained to Ms. Holt that she had discussed her leave with Ms. Mendoza and Ms. Middleton, and she had received memos for those dates. (*Id.*) Plaintiff later received a memo dated February 26, 2025 in her mailbox, which had not been discussed with her. (*Id.*)

On March 28, 2025, Plaintiff was called into a conference room with Ms. Mendoza and Ms. Bell and was told she would be terminated on April 7, 2025. The supervisors did not explain why she was being terminated. (*Id.*) Plaintiff alleges that her only performance review was on August 1, 2024, and other employees were offered extended probation to rectify their performance issues. (*Id.* at 7.)

## DISCUSSION

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII also includes a provision outlawing retaliation by employers when employees exercise their rights under this statute. § 2000e-3(a).

Plaintiff asserts that her employer did not provide her with leave that was provided for in her terms of employment, such as time off for jury duty, to get a mammogram, or using the rest of her bereavement leave. Plaintiff states that other employees were treated differently, like being given an option for probation before being terminated but does not clearly allege the basis on which she was discriminated against.

Because Plaintiff alleges that she was treated differently than other employees, the Court therefore grants Plaintiff leave to amend her complaint to allege facts demonstrating that she has a claim against her employer under Title VII.[3]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

[3] Plaintiff can only bring her claim under Title VII against her employer, the New York State DMV, not individual employees. *See Milione v. City Univ. of N.Y.*, 950 F.Supp.2d 704, 709 (S.D.N.Y. 2013) ("Individuals are not liable in either their individual or official capacities under Title VII."). However, she may be able to state a claim against individual employees under New York State Human Rights Law. *See* N.Y. EXEC § 209 *et seq.*

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Title VII claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-8484 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated: November 20, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

__________________________________________

__________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**SECOND AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

__________________________________________

__________________________________________

__________________________________________

__________________________________________

Write the full name of each defendant. If you need more space, please write “see attached” in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual’s full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual’s birth; a minor’s initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , __________________________________, is a citizen of the State of
(Plaintiff's name)

__________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

___________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________________________.

If the defendant is a corporation:

The defendant, __________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of __________________________

or is incorporated under the laws of (foreign state) __________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated                                        Plaintiff's Signature

First Name          Middle Initial          Last Name

Street Address

County, City          State          Zip Code

Telephone Number          Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

________________________________________

________________________________________

Name (Last, First, MI)

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address |
|---|---|

| Date | Signature |
|---|---|

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007